AF Approval _____                                    Chief Approval _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                  CASE NO. 6:21-cr-87-CEM-EJK

RICHARD A. KIRKENDALL

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, RICHARD A. KIRKENDALL, and the attorney for the defendant, Sandra L. Woodall, mutually agree as follows:

**A.**    **Particularized Terms**

    1.    <u>Counts Pleading To</u>

The defendant shall enter a plea of guilty to Counts One and Six of the Indictment. Count One charges the defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Count Six charges the defendant with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

    2.    <u>Minimum and Maximum Penalties</u>

Count One is punishable by a mandatory minimum term of imprisonment of not ~~more~~ *less* [CHC 09/10/21] [initials 9/10/2021] than 5 years up to 20 years, a fine of not more than $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other

Defendant's Initials _____

offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

In addition, the Court may impose an additional special assessment pursuant to 18 U.S.C. § 2259A, of not more than $35,000 for a conviction for trafficking in child pornography.

3.    <u>Maximum Penalties</u>

Count Six carries a maximum sentence of not more than 10 years imprisonment, a fine of not more than $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in

Defendant's Initials _____                    2

violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

In addition, the Court may impose an additional special assessment pursuant to 18 U.S.C. § 2259A, of not more than $17,000 for a conviction involving possession of child pornography.

2. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First:</u>  The defendant knowingly distributed or received an item or items of child pornography;

<u>Second:</u>  Either (a) the defendant ~~distributed~~ received *eno* 9/10/21 the item or items of child pornography using any means or facility of interstate or foreign commerce; or (b) the item or items of child pornography had been shipped or transported in or affecting interstate or foreign commerce; and

<u>Third:</u>  When the defendant ~~distributed~~ recieved RAb 09/10/21 the items, the defendant believed the items were or contained child pornography.

The elements of Count Six are:

<u>First:</u>  The defendant knowingly possessed an item or items of child pornography;

Defendant's Initials _RK_                    3

| | |
|---|---|
| <u>Second</u>: | The item or items of child pornography had been transported or shipped in interstate or foreign commerce, including by computer, or the items were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; and |
| <u>Third</u>: | When the defendant possessed the items, the defendant believed the items were or contained child pornography. |

3.    <u>Counts Dismissed</u>

At the time of sentencing, the remaining counts against the defendant, Counts Two, Three, Four, and Five, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

4.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5.    <u>Mandatory Restitution to Victims of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Defendant's Initials _RK_                    4

6.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this plea agreement, including, but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.    <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States

Defendant's Initials _RAK_                5

will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8.    <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance

Defendant's Initials _CHC_                6

with the policy of the United States Attorney for the Middle District of Florida,
warranting the filing of a motion for a reduction of sentence within one year of the
imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the
defendant understands that the determination as to whether "substantial assistance"
has been provided or what type of motion related thereto will be filed, if any, rests
solely with the United States Attorney for the Middle District of Florida, and the
defendant agrees that defendant cannot and will not challenge that determination,
whether by appeal, collateral attack, or otherwise.

9.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-
incriminating information which the defendant may provide during the course of
defendant's cooperation and pursuant to this agreement shall be used in determining
the applicable sentencing guideline range, subject to the restrictions and limitations
set forth in USSG §1B1.8(b).

10.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other
relevant authorities the nature and extent of defendant's cooperation and any other
mitigating circumstances indicative of the defendant's rehabilitative intent by
assuming the fundamental civic duty of reporting crime.  However, the defendant
understands that the government can make no representation that the Court will
impose a lesser sentence solely on account of, or in consideration of, such
cooperation.

Defendant's Initials _____    7

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and

Defendant's Initials _____    8

consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

11.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

Defendant's Initials _RHC_                9

pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: TCL 6062Z Revvl 2 Plus cell phone, LG GSM X220 K5 cell phone and LG GSM LM-K500MM K51 cell phone, which assets were used in furtherance of the commission of the offense.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

Defendant's Initials _[initials]_                    10

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

Defendant's Initials _MHC_                    11

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the

Defendant's Initials _____   12

abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

14. <u>Sex Offender Registration and Notification</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Defendant's Initials _____

13

**B.**   **Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. ' 3663A, for all offenses described in 18 U.S.C. ' 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. ' 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. ' 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant=s restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. ' 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

Defendant's Initials ⟋⟍⟍⟋                    14

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.      Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.      Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.      Financial Disclosures

Pursuant to 18 U.S.C. ' 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's

Defendant's Initials _____      15

financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this plea agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and

Defendant's Initials _RHb_                    16

acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

   7.   <u>Defendant's Waiver of Right to Appeal the Sentence</u>

   The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. ' 3742(b), then

Defendant's Initials _CAC_                    17

the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. ' 3742(a).

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's

Defendant's Initials _____    18

undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   <u>Entire Agreement</u>

Defendant's Initials _____        19

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___10___ day of ___September___, 2021.

KARIN HOPPMANN
Acting United States Attorney

RICHARD A. KIRKENDALL
Defendant

Ilianys Rivera Miranda
Assistant United States Attorney

Sandra L. Woodall
Attorney for Defendant

Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials _____        20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.               CASE NO. 6:21-cr-87-CEM-EJK

RICHARD A. KIRKENDALL

## PERSONALIZATION OF ELEMENTS

The elements of Count One are:

First:      The defendant knowingly distributed or received an item or items of child pornography;

Second:    Either (a) the defendant ~~distributed~~ *received ELM 9/10/21* the item or items of child pornography using any means or facility of interstate or foreign commerce; or (b) the item or items of child pornography had been shipped or transported in or affecting interstate or foreign commerce; and

Third:     When the defendant ~~distributed~~ *recieved RAK 09/10/21* the item or items, the defendant believed the items were or contained child pornography.

The elements of Count Six are:

First:      The defendant knowingly possessed an item or items of child pornography;

Second:    The item or items of child pornography had been transported or shipped in interstate or foreign commerce, including by computer, or the items were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; and

Third:     When the defendant possessed the items, the defendant believed the items were or contained child pornography.

Defendant's Initials _RAK_       21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:21-cr-87-CEM-EJK

RICHARD A. KIRKENDALL

## FACTUAL BASIS

On March 6, 2021, Federal Bureau of Investigation (FBI) Agent K. Harney initiated a BitTorrent undercover investigation and determined that a computer using IP address 162.234.163.66 was making available for download certain files of suspected child pornography.  Between Saturday, March 6, 2021 at 2326 hrs. and Sunday, March 7, 2021 at 1200 hrs., a download was successfully completed of files that the device at IP address 162.234.163.66 was making available.  The device at IP address 162.234.163.66 was the sole candidate for each download, and as such, each file was downloaded directly from this IP address capturing four files containing child pornography.  Agent Harney reviewed some of the downloaded files, four of which are described as follows:

a.    *"!!! New !!! Gillian 4Yo - Cuming In Mouth (Private) xxxx."*  The video depicts a male placing his erect penis in a toddler's mouth. The female is approximately four years old.  The male masturbates and ejaculates into the toddler's mouth.  The video was distributed to the agent on March 7, 2021. *See* **Count Three**

Defendant's Initials _[signature]_                    22

b.   *"xxx (pthc).11yo.girlxx.dad.cums.in.mouthxxx"* The video depicts a prepubescent female approximately 9 to 10 years old. A male places his erect penis in the child's mouth and forces the child to perform oral sex. The male masturbates and ejaculates into the child's mouth. The video was distributed to the agent on March 7, 2021. *See* **Count Three**

c.   *"babyxxxx4yo.close-up.anal.and.cumxxpedo.pthc.young.girl.child.5yo.6yo.7yo.8yo.daddyxxx"* The video is approximately a minute in length. It shows a nude female child, approximately 2 years of age, being anally raped by an adult male. The video was distributed to the agent on March 7, 2021.

d.   *"(Toddler).xxxx.4Yo.(Pthc).(Hussyfan)xxx(Abused).Abuse.xxxx"* The video depicts a female toddler approximately three to four years of age who is forcibly held down by a male with an erect penis who ejaculates into the toddler's mouth. The toddler tries to get up and away from the male but the male continues to hold her down. The video was distributed on March 7, 2021. *See* **Count Three**.

Agent Harney concluded that based on her training and experience, the files contained child pornography as defined in 18 U.S.C. § 2256.

Defendant's Initials _[signature]_          23

IP address 162.234.163.66 was registered to AT&T Corporation. According to subpoena returns, IP address 162.234.163.66 had been provisioned to an account linked to KIRKENDALL'S residence in Oviedo, Florida, which is within the Middle District of Florida, starting on December 16, 2018, and continuing through the date of the subpoena on April 9, 2021.

On May 10, 2021, federal law enforcement officers executed a search warrant at KIRKENDALL'S residence in Oviedo, Florida. During the execution of the search warrant, agents conducted a non-custodial interview of KIRKENDALL. KIRKENDALL provided a voluntary statement to agents on scene, which is summarized as follows: KIRKENDALL stated he had an addiction to pornography and sex. He viewed and downloaded large quantities of pornography. Twenty five percent of the pornography he viewed was child pornography. He viewed child pornography on chat applications such as WhatsApp and Viber. He routinely joined groups on these chat applications that shared child pornographic material. KIRKENDALL used his smartphone to receive links in the groups that provided access to child pornography. KIRKENDALL masturbated to child pornography.

During the search, KIRKENDALL provided access to his TCL 6062Z Revvl 2 Plus smartphone, which was manufactured in China. KIRKENDALL entered the password and provided the same to investigators. A forensic review on scene revealed at least 32 videos of child pornography. One video file named VID_20210509_WA0031.mp4 is approximately one minute and seventeen seconds in length and depicts an adult male anally raping an approximately three to four-

Defendant's Initials _____         24

year-old female child. This video was received on the device via WhatsApp on May 9, 2021 at approximately 11:13 p.m. *See* **Count Five**. A second video file named VID_20210507_WA095.mp4 is approximately one minute and thirty-seven seconds in length depicted an eight to nine-year-old female being forced to perform oral sex on an adult male. This video was received on the device via WhatsApp on May 9, 2021 at 1:46 AM. *See* **Count Five**. A third video file named VID_20210507_WA0018.mp4 is approximately two minutes in length and depicts an adult male anally raping a three to four-year-old female with the male then ejaculating on the female. This video was received on the device via WhatsApp on May 9, 2021 approximately 1:44 a.m. *See* **Count Five**.

The TCL 6062Z Revvl 2 Plus cell phone had the Viber application, which also contained child pornography. Two files depicted babies being anally raped (image files IMG-200fa1509 and IMG-dac29f3a). Those images were received on May 7, 2021. *See* **Count Four**. KIRKENDALL requested "more hardcore" child pornography through the app. The Viber app had image and video files (total of 261) depicting babies being raped, via oral, vaginal, and anal penetration. All the files depicted prepubescent girls. Agent Harney confirmed approximately 146 child pornography images of predominantly prepubescent girls. *See* **Count Six**.

Additionally, agents found two other cell phones in KIRKENDALL's RV, which were forensically analyzed. Both phones were manufactured in Vietnam. The LG GSM X220 K5 cell phone contained approximately 3 videos and 31 images of

Defendant's Initials _____    25

child pornography. *See* **Count Six**. User attribution evidence included messages to and from KIRKENDALL, where he identified himself as Rich or Richard KIRKENDALL. Additionally, there is a video that was received on February 14, 2021 (file name: *babyj_classicxxx*) through BitTorrent. *See* **Count One**. The video is thirty-two minutes in length and depicts an approximately six-year-old female child. There are multiple scenes of the child being vaginally and anally penetrated by an adult male. The child is sodomized with a marker and performs oral sex on the adult male.

The other cell phone is an LG GSM LM-K500MM K51. This phone was used to distribute the March 7, 2021 files to Agent Harney. *See* **Count Three**. The BitTorrent folder contained three files that KIRKENDALL distributed to Agent Harney. In total, the cell phone contained approximately 144 images and 68 videos of child pornography. *See* **Count Six**. Additionally, BitTorrent contained a video that was received on February 27, 2021. *See* **Count Two**. The file name is "*(Toddler).Cbaby.4Yo.(Pthc)xxxAbuse.Chiddyxxx.*" The video is approximately thirty-four seconds in length and depicts a female toddler approximately three to four years of age who is forcibly held down by a male with an erect penis who ejaculates into the toddler's mouth. The toddler tries to get up and away from the male, but the male continues to hold her down. The cell phone contained user attribution in the form of selfies at the beach and text messages where defendant identified himself as Richard.

Defendant's Initials _RMK_                26

### *Other Relevant Conduct*

In 2012, FBI Tampa identified KIRKENDALL in connection with a child pornography investigation.  AS was the main target of the investigation, and he was later convicted and sentenced to federal prison for 25 years.  AS traded child pornography with others through email, including an email account identified as xx@yahoo.com, which was linked to KIRKENDALL.

Email communication between AS and KIRKENDALL, showed that they communicated on September 28, 2012, September 29, 2012, and March 14, 2013. During these communications, videos with titles clearly indicative of child pornography were traded between AS and KIRKENDALL. Some of these titles include, "2yr ass fuck she cries for mommyxxx," "3yo Girl – Bound & Finger Fucked Byxxx," "pthc 5yr girl fuckingxxx," "K@ty pthc daddy cum xxxx," and "6yo Tiny xxx (4)Ass-Fucked Screaming xxx."  AS and KIRKENDALL communicated with one another while they distributed child pornography to each other.  Some of those communications included the following statements made by KIRKENDALL:   *RK  09/10/21*

    a.    KIRKENDALL stated he had been looking at child pornography since he was 15 years old.

    b.    When asked if he had experienced sexually abusing children in real life, KIRKENDALL replied, "not enough to be satisfied



bout a few minutes of paradise but not enough to cum."

KIRKENDALL went on to describe this activity as consisting of, "lil bj lil pussy dick rub..lil pussy lick not much."

c.   In discussing the types of child pornography he likes, KIRKENDALL stated, "the more hardcore the better I like the screaming ones[;]" "I want to see the most hardcore you got I wanna C blood dude ..ya feel me."  In another chat KIRKENDALL said his preference was, " like 2yo….as long as they tiny and skinny."  KIRKENDALL explained, "any younger and they still got their baby fat."

d.   KIRKENDALL stated, "I like lil girls…no lil boys," … "but man id still love to do a tiny lil one together with a partner.. that d be a dream come tru."

e.   KIRKENDALL also stated, "id deff to anything to or for anyone if they gave me their hot little sister for like a day."

AS expressed his desire to molest a 3-year-old child whom he had access to. KIRKENDALL encouraged AS by saying, "don't wait too long…u don't want her to remember or understand whats going on … 3yrs old is perfect I thin k just take her to the bath room….like ask her if she needs to go…pullshirt up over face and after she done , say u need to whipe her off and use ur cock to whipe her pussy off but take your time."  AS responded, "mmm."  KIRKENDALL continued, "..if shirt still over

Defendant's Initials _____    28

head… uncover mouth part.. and tell her u got some candy for her …stick ur cock in ……. …Ive done this …it works."

During the May 10, 2021 interview, KIRKENDALL admitted that he engaged in conversations just like those noted above where he traded child pornography with other users and engaged in sexually graphic conversations regarding children.  KIRKENDALL said he made statements about sexually abusing children to get the trust of the other user.  KIRKENDALL affirmed that he had never abused a child.

The cell phone and Internet are facilities or instrumentalities of interstate or foreign commerce.

Defendant's Initials                    29