UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:21-cr-87-CEM-EJK

RICHARD A. KIRKENDALL

### SENTENCING MEMORANDUM REGARDING DISTRIBUTION ENHANCEMENT

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, submits this sentencing memorandum limited to address arguments in support of a distribution enhancement pursuant to USSG §2G2.2(b)(3)((B).

The parties have not been able to stipulate the applicability of a 5-level enhancement under USSG §2G2.2(b)(3)((B), which is a specific offense characteristic in this case because Kirkendall "distributed [child pornography] in exchange for any valuable consideration," namely, additional child pornography. The government contends the enhancement should be applied in this case because back in 2012 and 2013 Kirkendall traded child pornography with an email user in expectation of the receipt of additional child pornography material, and he did receive child pornography material in this manner. *See* Exhibit 1 (email communications between Kirkendall (user identified as chrisfiher420407) and a cooperating defendant (user identified as theone_407).

*In U.S. v. Little*, 864 F.3d 1283 (11th Cir. 2017), the Eleventh Circuit found that

the district court did not clearly err in applying a five-level enhancement for distributing child pornography with expectation of receiving a thing of value. The Court noted:

> A five-level guidelines enhancement applies when the offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B). '[W]hen a defendant trades child pornography in exchange for other child pornography, the defendant has engaged in 'distribution for the receipt, or expectation of receipt, of a thing of value' as provided in [what is now § 2G2.2(b)(3)(B)].' *United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002).

The defendant (Little) contended that the evidence was insufficient for the court to determine that he emailed a co-conspirator (identified as Hall) child pornography with the expectation of receiving other child pornography in exchange. However, at the defendant's sentencing the government showed the email chain between the defendant and his co-conspirator that led to the defendant sending the co-conspirator the child pornography:

> 12/27/2012 at 10:18 PM: From Little to Hall
> 'U get any more pictures'
> 12/30/2012 at 3:14 PM: From Little to Hall
> 'Hey got some'
> 12/31/2012 at 10:21 PM: From Hall to Little
> 'Yeah I got more hbu [which means 'how about you']'
> 1/26/2013 at 4:07 AM: From Little to Hall
> [Attachment of child pornography image]

The Eleventh Circuit concluded that there was no clear error, as the email exchange clearly showed by a preponderance of the evidence that defendant sent Hall child pornography "with the expectation that Hall would send him different child pornography in return. "It is apparent from those emails that both Little and Hall

2

wanted to exchange child pornography, and when Little sent Hall child pornography he expected Hall to respond in kind. The district court did not err in applying the five-level enhancement under § 2G2.2(b)(3)(B)."

In *U.S. v. Bender*, 290 F.3d 1279 (11th Cir. 2002), the defendant used the email service to receive from, and send to, other users child pornography. During the execution of a residential search warrant, the defendant assured the agent that he was responsible "for all of the trading of the pictures on-line." The court found:

> Joining several of our sister circuits, we hold that when a defendant trades child pornography in exchange for other child pornography, the defendant has engaged in "distribution for the receipt, or expectation of receipt, of a thing of value" as provided in the 2000 version of USSG § 2G2.2(b)(2).6. Here, the government presented sufficient evidence at trial to support a finding that Bender sent child pornography so that he would receive other child pornography in exchange. Thus, Bender distributed the child pornography expecting to receive a thing of value-other child pornography-and this conduct justified the district court's imposition of the five-level enhancement under the guideline.

Kirkendall's 2012 and 2013 email exchange with "AS," the cooperating defendant, is very similar to Little's exchange with Hall for the purpose of obtaining additional child pornography. *See* Exhibit 1. The emails show that Kirkendall shared child pornography with the cooperating defendant, in expectation of receipt of more child pornography. *Id*. at 646-647, 650-653, 655. He asked for the most "hardcore" child pornography and stated he wanted to "c blood," "the more hardcore the better," "i like the screaming ones," and "like 2yo … as long as they tiny and skinny." *Id*. at 647, 653. During the chats, Kirkendall and AS traded and viewed child pornography together. *Id*. at 647, 650-653, 655.

3

Furthermore, in his plea agreement Kirkendall specifically admitted this uncharged conduct:

> In 2012, FBI Tampa identified KIRKENDALL in connection with a child pornography investigation. AS was the main target of the investigation, and he was later convicted and sentenced to federal prison for 25 years. AS traded child pornography with others through email, including an email account identified as xx@yahoo.com, which was linked to KIRKENDALL. Email communication between AS and KIRKENDALL, showed that they communicated on September 28, 2012, September 29, 2012, and March 14, 2013. During these communications, videos with titles clearly indicative of child pornography were traded between AS and KIRKENDALL. Some of these tiles include, "2yr ass fuck she cries for mommyxxx," "3yo Girl – Bound & Finger Fucked Byxxx," "pthc 5yr girl fuckingxxx," "K@ty pthc daddy cum xxxx," and "6yo Tiny xxx (4)Ass-Fucked Screaming xxx." AS and KIRKENDALL communicated with one another while they distributed child pornography to each other.
>
> During the May 10, 2021 interview, KIRKENDALL admitted that he engaged in conversations just like those noted above where he traded child pornography with other users and engaged in sexually graphic conversations regarding children. KIRKENDALL said he made statements about sexually abusing children to get the trust of the other user.

The trading of child pornography between Kirkendall and the cooperating defendant is relevant conduct in this case because the same is part of a common scheme or plan. The conduct shared a common purpose or similar modus operandi with the offenses of conviction, namely, the receipt and possession of child pornography through the use of the Internet and software that allowed for the distribution of child pornography. There are even common victims, namely, the children exploited through the possession, receipt, and distribution of child pornography. *See* USSG §1B1.3(a)(2) cmt. 5(b)(i). The email exchange is also

4

relevant conduct because the offense is part of the same course of conduct, namely, it is part of a series of offenses. Admittedly, Kirkendall has been viewing and trading child pornography for many years, at least since he was a teenager (according to the chats). *See* Exhibit 1 at 646. In a recorded interview with law enforcement, Kirkendall indicated that he has been viewing child pornography since he was 12 years of age. About his chats with AS (the cooperating defendant), Kirkendall admitted that, "he said stuff like that [about abusing children] so that he [AS] would allow me to see content," namely child pornography. Thus, based on Kirkendall's admission and the evidence it appears he has been viewing and downloading child pornography for approximately 20 years.

In light of the foregoing, the government respectfully requests from the Court to apply 5-level distribution enhancement based on the email chats between AS and Kirkendall, by the standard of preponderance of the evidence.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   */s/ Ilianys Rivera Miranda*
ILIANYS RIVERA MIRANDA
Assistant United States Attorney
USA No. 150
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail:    ilianys.rivera@usdoj.gov

U.S. v. RICHARD A. KIRKENDALL                Case No. 6:21-cr-87-CEM-EJK

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Sandra L. Woodall

> */s/ Ilianys Rivera Miranda*
> ILIANYS RIVERA MIRANDA
> Assistant United States Attorney
> USA No. 150
> 400 W. Washington Street, Suite 3100
> Orlando, Florida 32801
> Telephone:  (407) 648-7500
> Facsimile:   (407) 648-7643
> E-mail:       ilianys.rivera@usdoj.gov