1

```
 1                    UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
 2                          ORLANDO DIVISION

 3   - - - - - - - - - - - - - -X
     UNITED STATES OF AMERICA,    :
 4                                :
                                  : Case No.:
 5         Plaintiff,             : 6:21-cr-87-CEM-EJK
                                  :
 6   vs.                          :
                                  : Orlando, Florida
 7   RICHARD A. KIRKENDALL,       : September 23, 2021
                                  : 9:45 a.m.
 8                                :
           Defendant.            :
 9   - - - - - - - - - - - - - -X

10                    TRANSCRIPT OF CHANGE OF PLEA
                 BEFORE THE HONORABLE CARLOS E. MENDOZA
11                  UNITED STATES DISTRICT JUDGE

12


13   APPEARANCES:

14   Counsel for Plaintiff:    Ilianys Rivera
                               US Attorney's Office
15                             400 W. Washington Street
                               Suite 3100
16                             Orlando, FL 32801

17   Counsel for Defendant:    Sandra Lee Woodall
                               Law Office of Sandra L. Woodall, P.A.
18                             605 E. Robinson Street
                               Suite 730
19                             Orlando, FL 32801

20


21
     Proceedings recorded by mechanical stenography.
22   Transcript produced by computer-aided transcription.

23
     Court Reporter:   Suzanne L. Trimble, CCR, CRR, RPR
24                     Federal Official Court Reporter
                       401 West Central Boulevard, Suite 4600
25                     Orlando, Florida 32801
                       e-mail: trimblecourtreporter@gmail.com
```

2

```
 1                  P R O C E E D I N G S
 2            THE COURTROOM DEPUTY:  United States of America v.
 3    Richard A. Kirkendall, Case No. 6:21-cr-87.
 4        Counsel, please state your appearances for the record
 5    starting with the Government.
 6            MS. RIVERA:  Good morning, Your Honor.  On behalf of
 7    the Government, Assistant United States Attorney Ilianys Rivera.
 8    Here with me is FBI Special Agent Rodney Hyre.  We're ready to
 9    proceed.
10            THE COURT:  Good morning.
11            MS. WOODALL:  Good morning, Your Honor.
12    Sandra Woodall on behalf of Richard Kirkendall, who is to my
13    left.
14        THE DEFENDANT:  Good morning, Your Honor.
15            THE COURT:  Good morning.  Mr. Kirkendall, if you
16    would be kind enough to raise your right hand, you're going to
17    be placed under oath.
18        (Richard A. Kirkendall sworn.)
19            THE COURT:  You can put your hand down, sir.
20        Please state your full name for the record.  You need to
21    remain standing.
22            THE DEFENDANT:  Yes, sir.  Richard Andrew Kirkendall.
23            THE COURT:  Mr. Kirkendall, we're here today because
24    I've been informed by counsel that you've entered into a plea
25    agreement that contemplates you entering a plea of guilty as to
```

1    Counts 1 and 6 in the indictment in exchange for what's spelled

2    out in the plea agreement.  Is that your understanding?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Is that what you want to do?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  All right.  I'm going to go over a lot of

7    information with you this morning.  If at any time you need me

8    to slow down, repeat myself, or you would like to talk to your

9    attorney, please let me know and I will offer you that

10   opportunity.  Do you understand, Mr. Kirkendall?

11             THE DEFENDANT:  Yes, sir, Your Honor.

12             THE COURT:  All right.  You're entering a plea of

13   guilty as to two counts.  Count 1 in the indictment charges you

14   with receipt of child pornography in violation of federal law.

15       If this count were to proceed to trial, the United States

16   would have to prove the following three elements beyond a

17   reasonable doubt for you to be found guilty:  Element number

18   one, that you knowingly distributed or received an item or items

19   of child pornography; second element, that the child pornography

20   had been transported, shipped, or mailed in or affecting

21   interstate or foreign commerce, including by computer; and,

22   third, when you received the item or items, you believed that

23   the items contained child pornography.

24       If found guilty of this offense, you would be facing the

25   following maximum penalties:  A mandatory minimum of five years

4

1    up to a maximum of 20 years, a fine of no more than $250,000, a

2    term of supervised release of five years to life, a possible

3    $5,000 special assessment if you are found to be indigent, and a

4    $100 special assessment with restitution, if any.  In addition,

5    the Court may impose an additional special assessment pursuant

6    to 18 U.S. Code, Section 2259A of not more than $35,000 for a

7    conviction for trafficking in child pornography.

8        Count 6 of the indictment charges you with possession of

9    child pornography in violation of federal law.  If this count

10   were to proceed to trial, the United States would have to prove

11   the following three elements beyond a reasonable doubt for you

12   to be found guilty:  Element number one, that you knowingly

13   possessed items of child pornography; that the items of child

14   pornography had been transported, shipped, or mailed in -- or

15   mailed in or affecting interstate or foreign commerce, including

16   by computer; and that when you possessed the items, you believed

17   them to be child pornography.

18       If you were to be found guilty of this offense, you would

19   be facing the following maximum penalties:  No more than ten

20   years in prison, a maximum fine of $250,000, a term of

21   supervised release of five years to life, a possible $5,000

22   special assessment unless you are found to be indigent and, in

23   addition, the Court may impose an additional special assessment

24   pursuant to 18 U.S. Code, Section 2259, of not more than $17,000

25   for a conviction for possession of child pornography.  There's

5

1    also a $100 special assessment.

2         You have apparently signed what has been presented to me as

3    a 29-page plea agreement.  Do you have that agreement in front

4    of you?

5              THE DEFENDANT:  Yes, sir, Your Honor.

6              THE COURT:  All right.  On the bottom of each of the

7    pages there's a spot for a set of initials.  Did you initial

8    each of those pages?

9              THE DEFENDANT:  Yes, sir, I did.

10             THE COURT:  All right.  Are those an indication you

11   had a chance to read and understand this agreement with the

12   advice of your attorney?

13             THE DEFENDANT:  Yes, sir, Your Honor.

14             THE COURT:  All right.  On page 20 there are a set of

15   signature lines, one of which is purported to be your signature.

16   Is that indeed your signature?

17             THE DEFENDANT:  Yes, sir, it is.

18             THE COURT:  Is that an indication you've had a chance

19   to review and understand this agreement with the advice of your

20   counsel?

21             THE DEFENDANT:  Yes, sir, Your Honor.

22             THE COURT:  Do you need more time to go over this

23   agreement with your attorney?

24             THE DEFENDANT:  No, Your Honor.

25             THE COURT:  All right.  Here are some of the main

points of your plea agreement.  The United States agrees that
they will not charge you with any other offenses known to them
at the time of this agreement.  At sentencing, the United States
will recommend up to a three-point offense level reduction in
accordance with the factors specified in your plea agreement.
In accordance with your plea agreement, the United States has
agreed that they will recommend a low end guideline sentence
once the guidelines are calculated.

You have also agreed and consented to the forfeiture of all
assets subject to forfeiture pursuant to 18 U.S. Code,
Section 2253, including but not limited to the following:  A
TCL 6062Z 2 Plus cell phone, an LG GSMX220KS cell phone, and an
LG GSMLMK51 cell phone.  You've also agreed that the assets were
used in furtherance of the commission of this offense, and you
further stipulated to the factual basis for the forfeiture of
these items.

There's also a cooperation clause in your plea agreement.
You've agreed to cooperate with the United States.  If you
provide substantial assistance pursuant to your plea agreement,
the Government may seek further mitigation on your behalf.  But
per the terms of your plea agreement, you cannot challenge the
Government's position to either seek or not seek additional
leniency.  The United States has agreed that no
self-incriminating information that you may provide during the
course of your cooperation and pursuant to this plea agreement

1  shall be used in determining the applicable sentencing guideline

2  range.

3      You have also agreed to pay restitution in accordance with

4  18 U.S. Code, Section 2259, and you agree not oppose the

5  bifurcation of the sentencing hearing should the Government seek

6  additional time.  So, for example, if they don't know what the

7  restitution amount is at sentencing, then you've agreed in this

8  agreement that you are not going to object to them asking for

9  additional time to have a second hearing for the limited

10  purposes of determining what the amount of restitution is.

11      Finally, you've expressly waived your right to appeal your

12  sentence in accordance with the limitation set forth in your

13  plea agreement.

14      Mr. Kirkendall, does all this sound consistent with what

15  you went over with your attorney?

16          THE DEFENDANT:  Yes, sir, Your Honor.

17          THE COURT:  All right.  We're going to go over some

18  important rights that you're going to be waiving.  You have the

19  right to be represented by counsel at every stage of these

20  proceedings.  You are not waiving that right.  You have the

21  right against self-incrimination, that is, the right to remain

22  silent.  You have the right to enter a plea of not guilty and

23  require the United States to prove every element of these two

24  offenses beyond a reasonable doubt.

25      You have the right to jury trial.  At that jury trial,

8

1    represented by your attorney, you could confront and

2    cross-examine all witnesses testifying against you.  You could

3    call witnesses to testify on your behalf.  You could even choose

4    to become a witness in your own defense.

5        By entering this guilty plea to the two counts pursuant to

6    your plea agreement, you're waiving all of the rights I've just

7    gone over with you.  In other words, there's not going to be a

8    jury trial.  Do you understand that, sir?

9            THE DEFENDANT:  Yes, sir, I do.

10           THE COURT:  Have you received a copy of the charging

11   document or the indictment in this case and had a chance to

12   review it with your attorney?

13           THE DEFENDANT:  Yes, sir, Your Honor.

14           THE COURT:  All right.  In light of everything we've

15   gone over, how do you plead to Counts 1 and 6?

16           THE DEFENDANT:  Guilty, Your Honor.

17           THE COURT:  All right.  Sir, how old are you?

18           THE DEFENDANT:  Thirty-three, sir.

19           THE COURT:  What's the highest level of schooling

20   you've completed?

21           THE DEFENDANT:  I have my GED.

22           THE COURT:  Are you currently employed?

23           THE DEFENDANT:  No, sir.

24           THE COURT:  What was your last job?

25           THE DEFENDANT:  I was a sales representative at

9

1    Sirius XM Satellite Radio for seven years up until about three

2    months ago.

3            THE COURT:  Are you currently under the influence of

4    alcohol, prescribed medication, or any narcotics that may affect

5    your ability to understand these proceedings?

6            THE DEFENDANT:  No, sir.

7            THE COURT:  Have you ever been determined to be

8    incompetent?

9            THE DEFENDANT:  No, sir.

10           THE COURT:  Have you been threatened or intimidated

11   into entering this plea?

12           THE DEFENDANT:  No, Your Honor.

13           THE COURT:  Other than the plea agreement I've been

14   advised of, have you been made any additional promises to get

15   you to enter into the plea?

16           THE DEFENDANT:  No, Your Honor.

17           THE COURT:  Are you entering the plea freely and

18   voluntarily because you believe it is in your best interest?

19           THE DEFENDANT:  Yes, sir, Your Honor.

20           THE COURT:  Have you had enough time to talk to your

21   attorney?

22           THE DEFENDANT:  Yes, sir, Your Honor.

23           THE COURT:  Are you satisfied with her representation?

24           THE DEFENDANT:  Yes, sir, Your Honor.

25           THE COURT:  Do you understand that the terms of the

1   plea agreement are merely recommendations and that I could

2   reject those recommendations and sentence you up to the maximum

3   penalty without allowing you to withdraw your plea once I accept

4   your plea here today?

5           THE DEFENDANT:  Yes, sir, Your Honor.

6           THE COURT:  All right.  Have you discussed the federal

7   advisory sentencing guidelines with your attorney?

8           THE DEFENDANT:  Yes, sir, Your Honor.

9           THE COURT:  Do you understand that they will not be

10  calculated until sentencing and that they're not binding on the

11  Court?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  In determining a sentence, I am obligated

14  to calculate the applicable sentencing guideline range and to

15  consider that range, possible departures under the sentencing

16  guidelines, and other factors under 18 U.S. Code,

17  Section 3553(a).  Do you understand that?

18          THE DEFENDANT:  Yes, sir, Your Honor.

19          THE COURT:  All right.  Under the Sex Offender

20  Registration and Notification Act, you must register and keep

21  your registration current with the location of your residence,

22  with your employer, and if you are a student, with your school.

23  Failure to comply with these requirements will subject you to

24  criminal prosecution.  Your probation officer will instruct you

25  on the specifics of that compliance later.  Do you understand

11

1    that?

2            THE DEFENDANT:  Yes, sir, Your Honor.

3            THE COURT:  All right.  Would the United States please

4    be kind enough to give me a brief proffer of the facts?

5            MS. RIVERA:  Your Honor, I just -- I have one

6    recommendation to the Court regarding the plea colloquy.  Should

7    I do it after?

8            THE COURT:  You can do it now.  That's fine.

9            MS. RIVERA:  Your Honor, would the Court inquire

10   whether the defendant agrees to the terms included in the

11   defendant's waiver of right to appeal the sentence and whether

12   he understands the terms of that waiver?

13           THE COURT:  Well, did you hear the language?  I can go

14   into more specifics, but I asked him:  You have expressly waived

15   your right to appeal your sentence in accordance with the

16   limitations set forth in your plea agreement.

17       Do you want something more specific than that?

18           MS. RIVERA:  Just specifically if he understands the

19   terms of the waiver of appeal and he agrees to those terms.

20           THE COURT:  As long as I don't do anything illegal or

21   that violates your plea agreement, you cannot waive [sic]

22   whatever sentence I impose on you at sentencing.  Do you

23   understand that?

24           THE DEFENDANT:  Yes, sir, Your Honor.

25           THE COURT:  And I've seen these go up to the Eleventh

12

1    Circuit and they've upheld these waivers of appeal.  So if you

2    appeal something that is not a violation of your plea agreement,

3    they'll shoot it back.  They won't consider it.  So you

4    understand you're waiving your right to appeal the sentence in

5    accordance with the limitations that have been set forth in your

6    plea agreement?

7              THE DEFENDANT:  Yes, sir, Your Honor.

8              THE COURT:  Okay.

9              MS. RIVERA:  Thank you, Your Honor.

10        Your Honor, this defendant is pleading guilty to Count 1

11   and Count 6 of the indictment as explained by the Court.  This

12   investigation started on or about March 6, 2021, when a Federal

13   Bureau of Investigation agent initiated a BitTorrent

14   peer-to-peer file sharing undercover investigation and

15   determined that a computer using a certain IP address was making

16   available certain materials, certain files of suspected child

17   pornography for download.  The undercover agent was able to

18   download child pornography by connecting directly to what was

19   later determined to be this defendant's mobile devices, which

20   are identified in the factual basis of the plea agreement.  The

21   factual basis indicates and describes the nature and content of

22   the videos and images that were downloaded by the undercover

23   agent during those undercover sessions.  This conduct,

24   defendant's sharing of child pornography, distribution, and

25   receipt and possession of child pornography occurred in the

13

1    Middle District of Florida from his residence.

2         On May 10, 2021, federal law enforcement officers executed

3    a search warrant at his residence in Oviedo, Florida.  They

4    conducted a noncustodial interview of the defendant where he

5    provided a voluntary statement to the agents on the scene where

6    he indicated that he had an addiction to pornography and sex,

7    that he viewed and downloaded large quantities of pornography,

8    and that about 25 percent of that pornography was child

9    pornography, that he used certain applications online that

10   required the use of the Internet and a mobile device in this

11   case to be able to download and view the content of child

12   pornography, and that he joined groups on these chat

13   applications that showed child pornographic material.

14        During the search, he provided access to his smartphone,

15   which was manufactured in China, as described in the factual

16   basis.  He entered the password and provided the same to the

17   investigators.  A forensic review on the scene revealed a number

18   of images and videos of child pornography which are described in

19   the factual basis of the indictment.  The videos that are

20   charged in Count 1 and Count 6, which includes also images of

21   child pornography, are described in the factual basis,

22   constitute child pornography, Your Honor.  And if the Court so

23   desires, I will not go into the details of what those videos

24   actually depict.

25             THE COURT:  And I would indicate for the record that

14

1    the specifics of the videos are reflected in the factual basis

2    in the plea agreement on pages 22 and 23.

3          MS. RIVERA:  Yes, Your Honor.  And in addition, the

4    defendant is admitting and specifically stipulating to other

5    relevant conduct that's also included in the factual basis and

6    goes to show that he's been engaged in this conduct for a number

7    of years involving the trading of child pornography with

8    individuals in different chat groups.

9          THE COURT:  All right.  Mr. Kirkendall, this is what

10   the United States indicates that they would prove beyond a

11   reasonable doubt if this case were to proceed to trial.  Do you

12   have any objection as to their recitation of the facts?

13         MS. WOODALL:  Judge, if I may?

14         THE COURT:  Sure.

15         MS. WOODALL:  There's just a couple of things in the

16   plea agreement on page 24 and 27 we did not agree with, one

17   sentence stating that he masturbated not to child pornography

18   but to pornography, and he's addicted to pornography not child

19   pornography on page 27.

20         With respect to the last sentence by the prosecutor, my

21   client is pleading to receiving and possessing.  He wasn't

22   sharing or distributing the child pornography.  It was -- if --

23   my client would like to inform the Court exactly of what he was

24   doing.

25         MS. RIVERA:  Your Honor, and I just want to remind the

1   defendant -- because he is under oath and we even yesterday had

2   a proffer on this subject -- he signed the plea agreement where

3   it indicates that he distributed, he shared this material with

4   others online in expectation to receive child pornography

5   himself.  And I just want to put that --

6           THE COURT:  Is that in this current factual basis or

7   is there something additionally that he's provided?

8           MS. RIVERA:  This is in the factual basis, Your Honor,

9   of the plea agreement.

10          THE COURT:  Okay.

11          MS. WOODALL:  I would just like him to explain it in a

12  little more detail because I saw him take issue with the last

13  sentence.  And it was an addiction for him.  And in terms of

14  providing it to others, I don't --

15          THE DEFENDANT:  Yes, Your Honor.  I never sought to

16  share with people.  I always sought to just -- to just look and

17  see.  I was addicted to the shock and the horror that I felt

18  because of my addiction to methamphetamine.  It was an addiction

19  to the feeling that I received when I saw this unbelievable

20  content.  I -- the statements that I made were --

21          MS. WOODALL:  So we'll get into that at sentencing.  I

22  just wanted the Court to have some more context as to what was

23  actually going on.

24          THE COURT:  All right.  I'm more confused than I was

25  before.  But he's not being sentenced today.  So I'm confident

16

 1   there's a factual basis for the plea, but I think there's a very

 2   strong disagreement between counsel as to what exactly that

 3   entails.

 4        Anything else from the United States?

 5             MS. RIVERA:  Yes, Your Honor.  We note for the record

 6   he didn't just deny that he shared it, just that his intent was

 7   not necessarily to share even though he actually did.

 8             THE COURT:  Okay.  Anything else from the defense on

 9   this?

10             MS. WOODALL:  No, Your Honor.  I mean, that's a

11   subject for sentencing and mitigation.

12             THE COURT:  All right.  Mr. Kirkendall, do you still

13   wish to enter your plea of guilty?

14             THE DEFENDANT:  Yes, sir, Your Honor.

15             THE COURT:  I find the defendant intelligently,

16   freely, and voluntarily waived his rights in entering the plea

17   and that there is a factual basis for the plea.  The plea is

18   accepted.  The defendant is hereby adjudicated guilty.

19        All right.  So his --

20             MS. WOODALL:  Your Honor, I would request that the

21   Court withhold adjudication --

22             THE COURT:  Why?

23             MS. WOODALL:  -- until sentencing because it would

24   require you to remand him.

25             THE COURT:  I know.

1      MS. WOODALL:  And he is receiving treatment right now.

2  That treatment will no longer be available to him if you remand

3  him.  He's in counseling in anticipation of presenting this

4  evidence to you at sentencing.  He's not likely to flee, and

5  those findings were made initially by the magistrate court which

6  the judge -- which you agreed upon.  He's not a danger to any

7  person in the community at this time.

8      THE COURT:  Wait a minute.  The magistrate judge made

9  a ruling that I agree with?  I agree with --

10     MS. WOODALL:  Well, he was released is my point,

11 Your Honor.

12     THE COURT:  Sure.  Are you saying that's binding on

13 this Court?

14     MS. WOODALL:  No, no, no.  No.  I'm asking the Court

15 today to use your discretion to allow him to remain --

16     THE COURT:  Well, it's more than discretion.  What

17 you're asking for is a very unusual finding.  For me to withhold

18 adjudication on an offense that requires remand is asking for me

19 to do something extraordinary and I want to know what the basis

20 for that is.  You're telling me that he's receiving treatment

21 for his circumstance and that he won't be able to receive that

22 treatment.  Now I have to make a determination whether or not

23 that's extraordinary justifying this very unusual request that

24 you're making.  Very few people get this, especially with these

25 types of offenses that require remand.  But I need to hear from

1    the United States before I can make any such decision.

2              MS. RIVERA:  Yes, Your Honor.  Just even recently in a

3    similar case before Judge Dalton, he faced a similar situation.

4    And I hear from the Court that these type of scenarios are

5    really discouraged because obviously it's an attempt to

6    circumvent the mandatory remand provision for cases like this

7    one where these defendants do present a risk of offending, a

8    dangerousness risk, which she has not addressed, Your Honor.

9    They have not addressed here.

10         We opposed this defendant's released.  He was actually

11    released to go back to a mobile home where there was a marijuana

12    grow house and completely unsanitary conditions where he was

13    trespassing on somebody else's property at that time.  And we

14    found those conditions of release to be mind blowing,

15    Your Honor, at the time.  However, it appears that he has abided

16    by the conditions of release.

17         At this point, at this juncture, Your Honor, he's not

18    presenting extraordinary circumstances.  This is akin to many

19    other cases that we see where defendants while they are on

20    release status seek medical treatment.  And when he gets to BOP,

21    he will be evaluated for sex offender treatment.  He will get

22    that.  But at this point, what he is articulating is not a

23    sufficient basis for it.

24         In the case before Judge Dalton just recently for those

25    reasons, just comparing this defendant to many other cases like

1    him, he's not presenting exceptional circumstances that would

2    rise to the level to move the Court to withhold adjudication.

3    And even if the Court were to do it, Your Honor, I believe this

4    would be highly irregular.  And we're really discouraging this

5    practice, Your Honor, because a lot of these cases present

6    similar scenarios, Your Honor.  There's nothing particular about

7    it.

8              THE COURT:  Anything further from the defense?

9              MS. WOODALL:  Your Honor, a condition of his release

10   was that he seek mental health treatment and he's doing that.

11   And it's helping him.  If you remand him today, he's going to go

12   into a jail that's full of the coronavirus.  And because he's a

13   federal inmate, he will not be able to participate in any

14   programs that the jail offers.  He's also attending NA right now

15   and AA.  He's doing everything he can so that he can present to

16   you a reasonable request for variance.

17             THE COURT:  Do you know what jail he's going to?

18             MS. WOODALL:  I do not, no.

19             THE COURT:  How do you know the jail is full of the

20   coronavirus?

21             MS. WOODALL:  Well, I know the Orange County Jail is.

22   And I think the Seminole County Jail the last time I was there

23   wasn't even allowing attorneys to go into the jail.  Now, it has

24   been a few months since I've been to Seminole County Jail.  But

25   it's just for federal inmates, it's not a good place.  He's done

1    well on pretrial release.  His father is here.  He lives with

2    his father and his mother.  It's in a remote area.  He's not a

3    danger to the community.

4            MS. RIVERA:  Your Honor, I'm sorry, but he does

5    reside -- and in the same premises where his mobile home is, in

6    that same area there is a home where there is a child.  How old

7    is -- she's prepubescent.  It was one of our concerns initially.

8    She didn't disclose any type of abuse.  I just want to put that

9    on the record.  But to say that he's not close to children,

10    that's just not accurate in this case, Your Honor.

11            MS. WOODALL:  He's on an ankle monitor and his father

12    is right here.

13            THE COURT:  I understand that.  Extraordinary

14    circumstances, if you -- and I don't know there's any way to

15    look this up -- are someone who has a terminal disease and

16    requires treatment pending sentencing, someone who is about to

17    give birth to a child and is asking not to give birth to that

18    child in prison.  The extraordinary circumstance as indicated by

19    the defense is he wants to continue getting counseling and he

20    doesn't want to go into a jail that presumably is infested with

21    COVID-19.  That's the extraordinary circumstances.

22        There has been -- my problem is if you came in here knowing

23    you're going to want this, then, you know, for future reference,

24    you need to file a motion spelling out what the standard is and

25    why you think you meet that standard.  Because it takes

1    extraordinary circumstances to just come in here make an

2    ore tenus argument to leave him out notwithstanding the fact

3    that as a matter of law, I'm required to remand him unless -- I

4    think it is an end around.  And I've done it before, but this is

5    not the case where I'm going to do it.  You're welcome to file a

6    motion spelling out what the standard is and why you believe he

7    falls within those circumstances and the Government can respond

8    and I can get you in here next week to hear it.  But right now

9    based on your argument, these are not extraordinary

10   circumstances.

11              MS. WOODALL:  Understood, Your Honor.  I will ask the

12   Court -- I will speak with him further.  I don't know that

13   there's anything else I can present other than what I have

14   presented here today.

15              THE COURT:  All right.  Is there anything further from

16   the United States on this matter?

17              MS. RIVERA:  No, Your Honor.

18              THE COURT:  All right.  What is the sentencing date?

19   I know you wrote it up here, but could you say it?

20              THE COURTROOM DEPUTY:  Wednesday, December 15th at

21   9:30.

22              THE COURT:  The defendant is hereby remanded to the

23   custody of the U.S. Marshal to await pending sentencing.

24       All right.  That will conclude today's proceedings.

25         (WHEREUPON, this matter was concluded at 10:09 a.m.)

1                                    *    *    *

2                          CERTIFICATE OF REPORTER

3
   I certify that the foregoing is a correct transcript of the
4  record of proceedings in the above-entitled matter.

5
    /s/ Suzanne L. Trimble_____                    4/28/22
6   Suzanne L. Trimble, CCR, CRR, RPR                   Date
    Official Court Reporter
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25